# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 27, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**NORMA FORTNER, WIDOW OF
LUTHER FORTNER,
Claimant Below, Petitioner**

**vs.)  No. 14-0435** (BOR Appeal No. 2048594)
(Claim No. 2011005740)

**WESTMORELAND COAL COMPANY,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Norma Fortner, widow of Luther Fortner, by Otis R. Mann Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Westmoreland Coal Company, by Phyllis M. Potterfield, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 26, 2014, in which the Board affirmed a June 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 28, 2011, decision denying Mrs. Fortner's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Fortner worked almost fifteen years for Westmoreland Coal Company. On December 15, 1980, he retired. Several years after his retirement, Mr. Fortner's health deteriorated largely due to cardiac problems. In 2001, he had an emergency bypass surgery related to coronary artery disease. Mr. Fortner's health continued to deteriorate, and on March 23, 2010, he died. The death certificate listed congestive heart failure as the cause of his death. It also listed atherosclerotic heart disease and pneumoconiosis as underlying conditions. The next day, Brian S. McCarthy, M.D., performed an autopsy in which he found that the immediate cause of Mr. Fortner's death

was aspiration pneumonia caused by coal workers' pneumoconiosis. He found that Mr. Fortner had a history of progressively severe complications related to occupational pneumoconiosis and atherosclerotic heart disease. Following Dr. McCarthy's autopsy, Mrs. Fortner filed an application for dependent's benefits. Everett F. Oesterling Jr., M.D., also reviewed Mr. Fortner's medical record and found that his death was due to a cardiac event related to ischemic disease and atherosclerotic cardiovascular disease. Dr. Oesterling noted that Mr. Fortner had massive fibrosis but that his death was not related to pneumoconiosis. The Occupational Pneumoconiosis Board reviewed Mr. Fortner's medical evidence and determined that occupational pneumoconiosis was not a material contributing factor in his death. On July 28, 2011, the claims administrator denied Mrs. Fortner's application for dependent's benefits based on the Board's findings. The Occupational Pneumoconiosis Board also repeated its findings in a hearing before the Office of Judges. Robert H. Swedarsky, M.D., also reviewed Mr. Fortner's records. He found that the day before Mr. Fortner's death he suffered a heart attack which induced cardiac decompression. He determined that this condition caused Mr. Fortner's death and that occupational pneumoconiosis did not shorten his life or contribute to the sequence of events leading to his death. Dr. Swedarsky also questioned the reliability of Dr. McCarthy's autopsy because he evaluated a limited sample of Mr. Fortner's lung tissue. The Occupational Pneumoconiosis Board then testified a second time before the Office of Judges. On behalf of the Board, Jack L. Kinder Jr., M.D., testified that Mr. Fortner's death was caused by complications of the heart attack that immediately preceded his death. Dr. Kinder admitted that Mr. Fortner had occupational pneumoconiosis, but he believed Mr. Fortner's cardiac problems were more significant than his pulmonary problems. He also testified that Dr. McCarthy's attribution of Mr. Fortner's death to occupational pneumoconiosis was not supported by the available medical evidence. On June 18, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Office of Judges' Order on March 26, 2014, leading Mrs. Fortner to appeal.

The Office of Judges concluded that Mrs. Fortner did not demonstrate that occupational pneumoconiosis was a significant contributing factor in her husband's death. The Office of Judges based this conclusion on the opinions of the Occupational Pneumoconiosis Board, Dr. Oesterling, and Dr. Swedarsky. It found that all the medical experts in the record agreed that Mr. Fortner had serious heart problems and a heart attack shortly before his death. The Office of Judges determined that the Occupational Pneumoconiosis Board's opinion was persuasive, especially considering the extensive nature of Mr. Fortner's heart problems. It found that Mr. Fortner's death resulted from a heart attack that subsequently caused congestive heart failure. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Fortner has not demonstrated that she is entitled to dependent's benefits related to her husband's death. The evidence in the record does not show that occupational pneumoconiosis "contributed in any material degree" to Mr. Fortner's death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991). Although Dr. McCarthy concluded in his autopsy that occupational pneumoconiosis was an underlying cause of Mr. Fortner's death, this finding was not sufficiently supported by the evidence in the record. The testimony of Dr. Kinder, in which he related Mr. Fortner's death to a heart attack culminating in congestive heart failure, is supported by the record. The Office of Judges properly accorded the medical opinion

of the Occupational Pneumoconiosis Board "considerable deference" in reaching its own conclusions. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W. Va. 420, 664 S.E.2d 761 (2008).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum